UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER WADE,

                       Plaintiff,

                                                                          DECISION AND ORDER

                                                                          13-CV-6160L

                       v.

MONROE COUNTY DEPT AVIATION,

                       Defendant.
_____

      Plaintiff, appearing *pro se*, brings this action against the Monroe County Department of Aviation, alleging disability-based discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §12201 et seq. Familiarity with the underlying facts is presumed.

      Plaintiff moved to proceed in forma pauperis, which was granted by the Court on April 18, 2013 (Dkt. #3). The same day, the Clerk of the Court mailed plaintiff summonses and marshal forms, with instructions to complete them and return them so that service could be made on the defendant.

      Plaintiff failed to return the forms or otherwise respond, and on November 1, 2013, after the matter had been dormant for more than six months, the Court issued an order to show cause, advising the plaintiff to apprise the Court of the status of the matter on or before November 22, 2013, or risk dismissal of the case for failure to prosecute. That deadline expired six weeks ago, with no response at any time from the plaintiff.

      It is well settled that federal courts are vested with the authority of to dismiss a plaintiff's claims where the plaintiff has failed to prosecute them. *See* Fed. R. Civ. Proc. 41(b); *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 44 (1991) (among the "facets to a federal court's inherent power" is the power to "act *sua sponte* to dismiss a suit for failure to prosecute"). *See also* Local Rules of Civil Procedure for the Western District of New York 41(b) ("[i]f no action has been taken by the parties in six months [in a civil case], the Court shall issue a written order to the parties to show cause within thirty days why the case should not be dismissed for failure to... prosecute... [i]f the parties fail to respond, the Judge may issue an order dismissing the case").

The Second Circuit has set forth several factors for a district court to consider, when contemplating dismissing a plaintiff's case for failure to prosecute in this context: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

I have considered the factors as set forth by the Second Circuit and conclude that dismissal is warranted. The plaintiff has been duly and explicitly warned, via the "information packet" mailed to all pro se litigants to apprise them of the requirements of the Local Rules, *McCauley v. Cully*, 2010 U.S. Dist. LEXIS 15765 at *6 (W.D.N.Y. 2010), and failing that, by the Court's order to show cause, that this action is subject to dismissal if he fails to prosecute the matter or to comply with orders of the Court. Based on plaintiff's lengthy and unexplained failure to return the summonses and marshal forms to the Clerk's office, to otherwise proceed with the prosecution of this matter, to comply with the Local Rules or to respond to the Court's order to show cause, I find that further attempts to solicit plaintiff's participation in this action would be futile, and that dismissal of this action for non-compliance with the Local Rules of Civil Procedure and the orders of this Court is appropriate.

For these reasons, the matter is dismissed in its entirety, without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 4, 2013.